UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GERALD J. SILVA, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 19-568JJM |
| : | |
| STATE OF RHODE ISLAND, : | |
|     Defendant. : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On May 13, 2020, Plaintiff Gerald J. Silva, a *pro se*[1] prisoner held at Rhode Island's Adult Correctional Institutions ("ACI"), timely filed an "Amended Complaint" (ECF No. 16) in compliance with the Court's April 20, 2020, text order adopting my report and recommendation ("R+R") (ECF No. 14). In reliance on the reasoning and analysis in the R+R, the Court's text order had granted the State's motion to dismiss the original complaint, but afforded Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the R+R. The R+R included specific guidance as to the portion of Plaintiff's "Addendums" (ECF No. 12) that seemed "more likely possibly to state a claim." R+R at 9-11.

Following the filing of the Amended Complaint, the Court referred the case back to me for screening of the Amended Complaint pursuant to 28 U.S.C. § 1915. Having reviewed it, consistent with the analysis in the R+R, which is incorporated herein by reference, I find that most of the Amended Complaint should now be summarily dismissed. However, buried on pages 25-26 (set out in ¶ 8), as well as on pages 28-29 (set out in ¶ 4) of the "Remedies and

---

[1] Because he is *pro se*, Plaintiff's filings have been read with the leniency appropriate for all *pro se* litigants. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

Reliefs" section, Plaintiff has asserted a claim that I find is sufficient to survive screening. Based on these findings, I recommend that the Court order that all but those sections of the Amended Complaint be dismissed. As to what remains pending against the State and the surviving individual defendant, Dr. Jennifer Clarke, once this report and recommendation is adopted or otherwise disposed of, rather than ordering Plaintiff to file yet another amended pleading, I recommend that the Court order that the pending Amended Complaint be deemed served electronically as of the date of the Court's order of adoption or other disposition.[2] To be clear, if this report and recommendation is adopted, only the four pages designated above will have survived screening and require a responsive pleading.

As to its merits, the Amended Complaint contains detailed pages of factual allegations stated against Magistrate John McBurney of the Superior Court. Pursuant to 28 U.S.C. § 1915(e)(2)(B), these must be dismissed as frivolous because Plaintiff himself asserts that "[Magistrate McBurney] is not included as a defendant," ECF No. 16 at 2, and for failure to state a claim because the McBurney claim reprises the failed "Double Jeopardy" theory rejected by the Court's adoption of the R+R, and because, as a judicial officer, Magistrate McBurney is immune from suit for damages (which the Amended Complaint seeks in ¶ 3 of his "Remedies and Reliefs"). See King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (magistrate entitled to absolute immunity under same conditions as judges). Similarly, the damage claims against Superior Court Justice Luis Matos and Magistrate Richard Raspallo are based on judicial actions and must be dismissed based on judicial immunity, see Imbler v. Pachtman, 424 U.S. 409, 422-23 (1976), as well as because the claims also appear, at least in part, to be grounded in the non-

---

[2] At present, Defendants' responsive pleading is due on June 10, 2020. Text Order of May 27, 2020. Based on this recommendation, that deadline is hereby extended to a date that is fourteen days following the Court's adoption or other disposition of this report and recommendation.

existent "Double Jeopardy" violation.  Prosecutorial immunity bars Plaintiff's damage claim against Attorney General Peter Neronha.  Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009).  And the non-damage remedies that the Amended Complaint seeks from these immune-from-damages defendants must be dismissed because they all amount to an interference with an ongoing state prosecution, which this Court is barred from doing by Younger v. Harris, 401 U.S. 37, 46 (1971), as well as because the claims are premature.  See Davila v. Davis, 137 S. Ct. 2058, 2064 (2017) (state remedies must be exhausted before presenting federal habeas claim); Heck v. Humphrey, 512 U.S. 477, 486-87, 489 (1994) (civil claim that criminal prosecution is illegal not ripe as long as criminal proceedings ongoing).[3]

The allegation that should survive screening is in ¶ 8, on pages 25-26.  See R+R at 11.  Based on the Eighth Amendment, it alleges that Dr. Clarke was deliberately indifferent to Plaintiff's medical needs by withholding needed medication resulting in damage to Plaintiff's heart.  While the injunctive remedy Plaintiff seeks on pages 28-29 (¶ 4) (lifetime housing, transportation and medical insurance paid for by Dr. Clarke) is unusual and Plaintiff's articulation of this claim may not comply with the requirement that an amended pleading must conform to Fed. R. Civ. P. 8(a) and 10, for purposes of 28 U.S.C. § 1915 screening, I find that Plaintiff has provided enough for this claim to proceed.

---

[3] As to Plaintiff's remaining prayers for relief, the pleading does not articulate any reason why the recusal of any judicial officer of this Court would be necessary under applicable law.  See 28 U.S.C. § 455(a); In re United States, 666 F.2d 690, 694-95 (1st Cir. 1981) ("unsupported, irrational, or highly tenuous speculation" is not enough to trigger recusal under § 455(a)); Uniloc USA, Inc. v. Microsoft Corp., 492 F. Supp. 2d 47, 54 (D.R.I. 2007), aff'd, 290 F. App'x 337 (Fed. Cir. 2008) ("If, in the exercise of that discretion, a judge determines that recusal is unnecessary or unwise, the judge is duty bound to sit and hear the case.").  Nor has Plaintiff presented any basis in fact or law to justify a transfer of the venue of this case to "a neutral District Court of Plaintiff's choosing," ECF No. 16 at 30, or the establishment of a federally-created Rhode Island Department of Corrections oversight committee.  Finally, the Court should reject Plaintiff's request that the Court initiate a criminal investigation for the reasons stated in the R+R at 10.

Based on the foregoing, except for the Eighth Amendment claim on pages 25-26 (set out in ¶ 8) and 28-29 (set out in ¶ 4), I recommend that the Court summarily dismiss all of the Amended Complaint as frivolous, for failure to state a claim and because it seeks a monetary remedy from defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). Mindful of his *pro se* status, to facilitate Plaintiff's ability to proceed past screening on his Eighth Amendment claim, I do not recommend that the Court order Plaintiff to file yet another amended pleading despite remaining potential deficiencies; instead, I recommend that the Court order that the Amended Complaint be deemed served electronically on the State and Dr. Clarke as of the date of the Court's order of adoption or other disposition.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 28, 2020