UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD J. SILVA,
    Plaintiff,

v.                      C.A. No. 19-568JJM

STATE OF RHODE ISLAND, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    This report and recommendation is the second time that this Court has substantively addressed the argument of *pro se* Plaintiff Gerald J. Silva, a pretrial detainee at the Adult Correctional Institutions, that it should enter an interim injunction due to his dissatisfaction with the medical treatment he is receiving. This newest motion seeks "injunctive relief pertaining to deliberate indifference to plaintiff's medical needs"; for a remedy, it asks the Court to order that the medical operations of the Rhode Island Department of Corrections ("RIDOC") be overseen by a neutral oversight committee or agency. ECF No. 57 at 1-3.[1] To resolve Plaintiff's original motion, the Court held four hearings, culminating in the Court's denial of a preliminary injunction primarily based on the information provided by Plaintiff, as well as on the sworn statements proffered by Defendant regarding Plaintiff's more-than-adequate ongoing medical treatment. Text Order of May 3, 2021 (adopting, *inter alia*, ECF No. 51).

    This time, Plaintiff claims that he has experienced ongoing difficulty getting his blood pressure medication and that he is not yet satisfied with the two opportunities he has had to speak privately with a physician regarding his decision whether to accept a COVID-19 vaccination.

---

[1] The law applicable to this motion is set forth in the first report and recommendation. ECF No. 51. It is incorporated by reference in this report and recommendation.

The State has responded with an affidavit from a Registered Nurse, who avers that she dispensed the medication to Mr. Silva as a "keep-on-person" and explained to him his responsibility to timely ask nursing staff for refills and to pick up the medication when the refill arrives. ECF No. 61-1 ¶ 2. Because of Mr. Silva's failure to advise nursing staff in a timely fashion of his need for a refill and his failure to pick up his medication when it became available, since June 12, 2021, Mr. Silva is no longer dispensed his medication as a "keep-on-person" and has been required to go to the med line each day to receive his medication, which is being provided to him. Id. ¶¶ 3-6. Regarding the COVID-19 vaccine, the Registered Nurse avers that Mr. Silva has been offered "multiple opportunities" to get the vaccine and that "RIDOC health care providers have explained the risks of not obtaining a Covid-19 vaccine and the efficacy of the vaccine." Id. ¶ 8. As of the date of her affidavit, Mr. Silva had consistently declined. Id.

The Court should give short shrift to Plaintiff's claims about his dissatisfaction regarding the information he has received about the COVID-19 vaccine – this claim was fully explored and rejected by the Court in response to Plaintiff's first assertion of the same argument. ECF No. 51 at 3, 10-11. As Plaintiff himself advised the Court during earlier hearings, he has had two meetings with a physician at which he discussed his vaccine decision, which represents a level of medical treatment that far exceeds the constitutionally minimum standard for a pretrial detainee. Id. at 10. As to Plaintiff's assertions regarding his blood pressure medication, I find that RIDOC's proffered affidavit is more than sufficient to confirm that RIDOC's approach to the medical management of Plaintiff's condition does not come close to being "objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). In light of the clarity of these findings, I have not held another hearing regarding Plaintiff's latest motion. I recommend

that Plaintiff's motion for injunctive relief (ECF No. 57) pertaining to deliberate indifference to Plaintiff's medical needs be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 9, 2021