UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD J. SILVA,  :
    Plaintiff,  :
  :
v.  :    C.A. No. 19-568JJM
  :
STATE OF RHODE ISLAND, et al.,  :
    Defendants.  :

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of *pro se*[1] Plaintiff Gerald Silva to designate this case as a class action. ECF No. 72. In support of the motion, Plaintiff contends that Defendant Rhode Island Department of Corrections ("RIDOC") has received thousands of complaints from inmates about the timeliness of receipt of prescribed mediation and that he is aware of at least two examples of inmates injured by delayed treatment. He asks the Court to designate the case as a class action pursuant to Fed. R. Civ. P. 23. The motion has been referred to me; pursuant to 28 U.S.C. § 636(b)(1)(A), it is required to be addressed by report and recommendation.

As a *pro se* litigant, Plaintiff is barred by DRI Local Rule 205(a)(2) from "represent[ing] any other party." DRI LR 205(a)(2). The Court has already declined to treat this case as a class action based on this principle. See Text Order of July 16, 2021. This principle has repeatedly been upheld in this District. See, e.g., Nickerson v. Providence Plantation, C.A. No. 19-00030-WES, 2019 WL 720703, at *4 (D.R.I. Feb. 20, 2019) ("individuals appearing *pro se* cannot adequately represent and protect the interests of a Rule 23 class"); Harris v. Perry, No. CA 15-

---

[1] The Court attempted to appoint counsel for Plaintiff from the pro bono panel. Text Order of Dec. 18, 2020. That effort was not successful. ECF No. 33.

222-ML, 2015 WL 4879042, at *4 (D.R.I. July 15, 2015) (same); Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005) (*pro se* plaintiff not allowed to represent proposed class because he is not attorney and cannot adequately represent class members).  This principle is consistent with the applicable federal statute.  See 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").  It is also consistent with the law as articulated in cases from other Circuits.  See, e.g., Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (courts must clearly bar class claims brought by *pro se* prisoner to avoid prejudice to other inmates seeking to raise same claims); Vazquez v. Fed. Bureau of Prisons, 999 F. Supp. 2d 174, 177 (D.D.C. 2013) (*pro se* plaintiff may not represent class of prisoners without assistance of counsel) (citing 28 U.S.C. § 1654); Davis v. Superintendent, SCI Huntingdon, No. 3:12-CV-01935, 2013 WL 6837796, at *1 (M.D. Pa. Dec. 23, 2013) (plain error to permit inmate plaintiff who is unassisted by counsel to represent his fellow inmates in class action).  Because of the clarity of this principle, I am issuing this report and recommendation without waiting for RIDOC's response.

      To the extent that other RIDOC inmates believe that they have been or are being injured by the lack of prescribed medical treatment, either because of deliberate indifference or in an objectively unreasonable way, they may file their own complaint, either *pro se* or through an engaged or appointed attorney, in this Court (if there is federal jurisdiction) or in the appropriate state court.  If filed in this Court, such a complaint <u>must</u> be signed by the complainant and otherwise conform to the requirements of DRI Local Rule 205.

      Based on the foregoing, I recommend that Plaintiff's motion to designate this case as a class action, ECF No. 72, be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 16, 2021