UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD J. SILVA,
       Plaintiff,

v.                                          C.A. No. 19-568JJM

STATE OF RHODE ISLAND, et al.,
       Defendants.

**ORDER**

       This order addresses Defendant Jennifer Clarke's Motion to Compel Disclosure and or the Sanction of Dismissal for Failure to Abide by an Order of this Court. ECF No. 74. For the reasons that follow, the Motion is granted in part and denied in part; Plaintiff's counter "motion for immediate summary judgment," which he included in his opposition to the Motion (ECF No. 80 at 1), is denied.

       In her Motion, Defendant Clarke invokes Fed. R. Civ. P. 37(a)(3)(A) and 41(b) based on Plaintiff's failure to comply with the Court's Pretrial Scheduling Order. Text Order of Sept. 16, 2020. That Order required Plaintiff to make his Fed. R. Civ. P 26(a)(2) expert disclosures by July 16, 2021. There is no doubt that Plaintiff did not comply with the Order in that he has provided Defendant Clarke with a list of fact witnesses but has not designated any treating physician as a testifying expert with a summary of facts and opinions to which the physician is expected to testify, nor has he provided an expert report from a retained or specially employed expert. Fed. R. Civ. P. 26(a)(2).

       Mindful of Plaintiff's *pro se* status, the Court finds that the sanction of dismissal is inappropriate, particularly because, unlike a claim for medical malpractice, a claim of unconstitutionally unreasonable health care brought pursuant to § 1983 does not necessarily

require expert testimony. See, e.g, King v. Patt, 525 F. App'x 713, 721-22 (10th Cir. 2013) (expert testimony is not required in case where jury can determine from non-expert evidence whether delay in medical care caused harm; court declines to hold that expert testimony is always required in deliberate-indifference case involving delay of medical care); Rogers v. Town of New Hampton, No. 19-cv-118-JL, ___ F. Supp. 3d ___, 2021 WL 3570410, at *4 (D.N.H. Aug. 12, 2021) (there is no requirement that plaintiff alleging deliberate indifference must present expert testimony to support allegations of serious medical need); Daggett v. York Cty., No. 2:18-cv-00303-JAW, 2021 WL 868713, at *37 (D. Me. Mar. 8, 2021) ("[w]hether expert testimony is necessary to prove deliberate indifference . . . depends on the nature of the specific issues in the particular cases and what other evidence is available in the record") (internal quotation marks omitted), appeal filed, No. 21-1374 (1st Cir. May 6, 2021)).

Accordingly, the Court hereby resets the Pretrial Scheduling to give Plaintiff a second and final chance to comply with his Fed. R. Civ. P. 26(a)(2) disclosure obligations by extending his deadline thirty days from the date of this Order. To be clear, Plaintiff is **not** required to designate an expert, but if he fails to comply with the new deadline set by this Order, he will be foreclosed from presenting expert testimony at trial.[1] If Plaintiff wishes to present expert testimony, by the new deadline, he must disclose to Defendants either (1) the name of a retained or specially employed expert; or (2) a fact witness (such as a treating physician) from whom he has procured consent that the individual will also testify to expert opinions. For a retained expert, Fed. R. Civ. P. 26(a)(2) requires that the expert disclosure must be accompanied by a written report that is prepared and signed by the witness. The report must contain:

    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;

---

[1] A caution – the lack of expert testimony may result in judgment being entered against Plaintiff if the trial court deems expert testimony essential to prove the claim.

    (ii)    the facts or data considered by the witness in forming them;

    (iii)    any exhibits that will be used to summarize or support them;

    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i-vi). For a qualified fact witness who has consented to testify to expert opinions, that is, not a witness who is specially employed as an expert, the Fed. R. Civ. P. 26(a)(2) disclosure must state:

    (i)    the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

    (ii)    a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C)(i-ii).

        To summarize, Defendant Clarke's Motion is GRANTED to the extent that the Court's Pretrial Scheduling Order is hereby amended as follows: Plaintiff's expert disclosures are due on October 15, 2021, and he is foreclosed from presenting expert testimony if he does not disclose experts in compliance with the applicable Rule as described above; Defendants' responsive expert disclosures are due on November 15, 2021; Expert discovery closes on November 30, 2021; and dispositive motions shall be filed by December 15, 2021. Otherwise, Defendant Clarke's Motion is DENIED. Plaintiff's motion for immediate summary judgment based on Defendant Clarke's failure to make her expert disclosures is denied because her expert disclosures will not be due until after Plaintiff complies with Fed. R. Civ. P. 26(a)(2).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 14, 2021