UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GERALD J. SILVA,<br>   Plaintiff, | :<br>:<br>: |
| v. | :   C.A. No. 19-568JJM |
| STATE OF RHODE ISLAND, et al.,<br>   Defendants. | :<br>:<br>: |

### REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In Plaintiff's reply to Defendant State of Rhode Island's response to his motion to compel, ECF No. 83, Plaintiff advised the Court that, in his view, the State of Rhode Island "re-inserted itself into the case . . .[and] [o]therwise[1] [the State] does <u>not</u> have any standing or purpose in this Case and must withdraw." <u>Id.</u> at 3 (emphasis in original). The Court construes Plaintiff's *pro se* filings liberally, as it must,[2] and interpreted Plaintiff's statement as a motion pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss Defendant State of Rhode Island from this matter.

To confirm that this interpretation was correct and that no party had any objection to the terms proposed for dismissal, on September 20, 2021, this Court issued a show cause order ordering Defendants to show cause in writing, on or before September 27, 2021, why this Court should not recommend to the District Court that Plaintiff's claim against Defendant State of Rhode Island be dismissed pursuant to certain terms. ECF No. 87. Plaintiff was given the

---

[1] In including this phrase, Plaintiff is referring to the State's obligation to comply with discovery, which he advises the Court is the only purpose of continuing to have the State in this case as a party. In this report and recommendation, I urge the Court to address Plaintiff's goal by setting a term of dismissal as described *infra*.

[2] <u>Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000).

opportunity to file any objection he might have on or before October 4, 2021. Id. at 2. Neither Defendant Clarke nor Defendant State of Rhode Island filed any response to the Court's show cause order. It is now well beyond the date set for Plaintiff's objection and he too has filed nothing.

Fed. R. Civ. P. 41 provides in pertinent part that, once a case is answered, the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41 (a)(2).[3] Unless the order states otherwise, dismissal is without prejudice. Id. The purpose of the rule is to permit a plaintiff, with court approval pursuant to such terms as the court considers proper, voluntarily to dismiss an action as long as no other party will be prejudiced. Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000). Whether or not prejudice will result is a decision left to the discretion of the district court. Id. Although the First Circuit lists several factors that a court should consider in analyzing a Rule 41(a)(2) request, in the end, the factors are simply a guide to the district court and an "abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Id. at 160-61 (internal quotation marks omitted).

Based on the absence of objection, the Court finds that neither Defendant State of Rhode Island nor Defendant Clarke will be prejudiced by the dismissal of the State as a Defendant and recommends that Plaintiff's claim against the State be dismissed without prejudice subject to the following terms: First, in dismissing the State, it must be clear that all claims against Defendant Clarke are unaffected and remain pending. Second, Plaintiff must be protected from any costs or expenses that the State may have incurred. Third, because Plaintiff had previously propounded

---

[3] Defendant Clarke and Defendant State of Rhode Island both answered the amended complaint. See ECF Nos. 29, 43.

discovery addressed to the State as a Defendant (and the Court recently ruled on Plaintiff's motion to compel certain discovery, ECF No. 86), a term of dismissal must be that the State will retain the same duty to respond to pending discovery as if the State were a party.

Subject to these terms, I recommend that the Court order that this case be dismissed at Plaintiff's request as to Defendant State of Rhode Island without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), with each party to bear his or its own costs.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 13, 2021