UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD J. SILVA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-CV-568-JJM-PAS |
| | : | |
| STATE OF RHODE ISLAND, et al., | : | |
|     Defendants. | | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is *pro se*[1] Plaintiff Gerald Silva's motion for summary judgment and for transfer to the medical facility at Fort Devens, Massachusetts, ("Devens") or, alternatively, "for immediate change of venue." ECF No. 91. Plaintiff is a state pre-trial detainee in the custody of the Rhode Island Department of Corrections ("RIDOC"). The motion asserts that Defendant, Dr. Jennifer Clarke, RIDOC's former medical director, failed to correct "Gross Deliberate Indifference to [his] serious Medical Needs [which] . . . has . . . placed Plaintiff's Health at extreme risk to furth[e]r harm and possibly death." Id. at 6. Specifically, Plaintiff contends that Dr. Clarke's "failure in her Administrative duties to correct the multiple deficiencies at the R.I.D.O.C. Intake Medical Unit has contributed to the incorporation of these deficiencies as being an acceptable component of the Culture of that Unit." Id. Based on this conduct, Plaintiff requests "Immediate Summary Judg[]ment in [his] Favor with Damages," as well as that the Court order that he be transferred to federal custody at Devens and establish "Court Ordered external authoritative oversight of the Medical Operations at the RIDOC by a

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000); see Ryan v. Krause, No. 11-cv-00037-JAW, 2012 WL 2921815, at *8 (D.R.I. July 17, 2012) (courts are more lenient with *pro se* litigants).

non-governmental agency or entity." Id. at 7.  Alternatively, if this Court is "unwilling to Grant Plaintiff any meaningful Relief," Plaintiff asks for a change of venue to an impartial court, "preferably Vermont." Id. at 8.

In support of the motion, Plaintiff has submitted no evidentiary foundation for his alleged facts and no Statement of Undisputed Facts.  Instead, he points to his dissatisfaction with the medical treatment he has received in recent months, all of which occurred well after Dr. Clarke left RIDOC and her employment as its medical director.[2]  For example, Plaintiff alleges that he was not given the COVID-19 vaccine until October 6, 2021, after he had made multiple requests, and that he was exposed to COVID-19 on October 27, 2021, before he had received the second dose of the vaccine.  ECF No. 91 at 2.  He claims that he was given glasses on October 1, 2021, "that do not have lens for reading." Id. at 3 (emphasis in original).  He alleges that, on October 5, 2021, he asked to have a cyst removed from his back, but his request was ignored due to staff shortages until October 27, 2021, by which time it had burst; treatment with antibiotics was initiated on October 28, 2021.  Id. at 3-5.

The motion has been referred to me; it is required to be addressed by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, I recommend that the motion be denied.

## Background

In 2014, Plaintiff was convicted of receipt and possession of child pornography following a jury trial in this Court.  United States v. Silva, Cr. No. 13-043 S, 2014 WL 2573334, at *1 (D.R.I. June 9, 2014), aff'd, 794 F.3d 173 (1st Cir. 2015).  Following the completion of the incarcerative portion of his sentence, Plaintiff was found to have violated various federally-

---

[2] Dr. Clarke's interrogatory answers indicate that she left RIDOC on January 4, 2021.  ECF No. 62-3 at 3.

imposed conditions of supervised released, including *inter alia*, the requirement that he must comply with state and federal requirements pertaining to sex offender registration; his appeal from the resulting revocation was not successful. United States v. Silva, No. 20-1150, 2020 WL 9425109, at *1 (1st Cir. Oct. 16, 2020), cert. denied, 141 S. Ct. 2714 (2021), reh'g denied, No. 20-7906, 2021 WL 3711682 (U.S. Aug. 23, 2021). Following his release from federal custody, Plaintiff was arrested by the State and charged with failing to register as a sex offender. Silva v. Rhode Island, C.A. No. 19-568JJM, 2021 WL 1085408, at *2 (D.R.I. Mar. 22, 2021), adopted, 2021 WL 1734448 (D.R.I. May 3, 2021). Since September 2019, he has been a pretrial detainee in the custody of RIDOC. Id.

While in State custody, Plaintiff has been a prolific filer in this Court. In this case, Plaintiff claims that Dr. Clarke and RIDOC, provided him with inadequate medical care for a serious cardiac condition during intake in September 2019. Silva v. Rhode Island, C.A. No. 19-568JJM, 2020 WL 5258639, at *1 (D.R.I. Sept. 1, 2020). During the period when the State was still a party, the Court entertained Plaintiff's motions seeking injunctive relief, related, *inter alia*, to his ongoing dissatisfaction with the medical treatment provided by RIDOC, and his desire to be transferred into federal custody for placement at Devens. See Silva v. Rhode Island, C.A. No. 19-568JJM, 2021 WL 2895716, at *1 (D.R.I. July 9, 2021), adopted, Text Order of July 29, 2021 (denying motion for injunction regarding blood pressure medication and COVID-19 vaccine advisory); Silva v. Rhode Island, C.A. No. 19-568JJM, 2021 WL 1326885, at *1-2 (D.R.I. Apr. 9, 2021), adopted, 2021 WL 1734448 (D.R.I. May 3, 2021) (following four hearings, denying motion for injunction regarding bunk placement, nightguard, inadequate COVID-19 advisory, timely receipt of blood pressure medication and replacement of broken glasses); Silva, 2021 WL 1085408, at *4-6 (denying motion to transfer into federal custody, specifically Devens). Then, at

Plaintiff's request, the State was dismissed as a party, leaving the case laser-focused on Plaintiff's claim against Dr. Clarke based on the September 2019 incident. Silva v. State of Rhode Island, C.A. No. 19-568JJM, 2021 WL 4775987, at *2 (D.R.I. Oct. 13, 2021), adopted, Text Order of Nov. 1, 2021. The fact and expert discovery phases of the case are closed, the latter on November 30, 2021, and Dr. Clarke's motion for summary judgment is now pending. ECF Nos. 82, 93.

## Standard of Review

Summary judgment is appropriate if, after reviewing the facts in the light most favorable to the nonmoving party and drawing all justifiable inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). A "genuine" issue is one that "properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Id. at 250. A "material" fact is one that "might affect the outcome of the suit under the governing law." Id. at 248. The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is therefore entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). As the proponent of the motion, Plaintiff must present what he claims to be the undisputed facts, buttressed by "cit[ation] to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); see Serapion v. Martinez, 119 F.3d 982, 987 (1st Cir. 1997) (summary judgment must be based on "properly documented facts"). To implement this requirement, the Court's Local Rule 56 further requires that a motion for summary judgment "be accompanied by a separate Statement of Undisputed

Facts . . . [which] shall be a separate filing, not an attachment to the motion for summary judgment." DRI LR Cv 56(a)(1), (2).

"[T]o secure a preliminary injunction, a plaintiff must show: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest.'" Silva, 2021 WL 1326885, at *4 (quoting NuVasive, Inc. v. Day, 954 F.3d 439, 443 (1st Cir. 2020)).  Both Plaintiff's request for transfer and his request for an injunction pertaining to medical care amount to a motion for a mandatory injunction, which "normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Id. (internal quotation marks omitted).  In considering whether to issue such a mandatory injunction, "courts should exercise caution . . . and avoid becoming 'enmeshed in the minutiae of prison operations.'" Kealoha v. Espinda, Civil No. 20-00323 JAO-RT, 2020 WL 5602837, at *3 (D. Haw. Sept. 18, 2020) (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)).

## Analysis

Plaintiff asks for "immediate" summary judgment but provides no evidence in support of his request; instead, he concedes that supporting evidence (which he claims he has) is "not enclosed." ECF No. 91 at 3, 4.  Further, the only defendant remaining in the case is Dr. Clarke, who has not been an employee of RIDOC since early 2021.  All the specific matters raised by the motion pertain either to medical treatment that was delivered (or not) well after Dr. Clarke was no longer involved with Plaintiff's care or to remedies (transfer of Plaintiff to Devens or establishing non-governmental oversight of medical operations at RIDOC) that are entirely outside of her capacity to deliver.  The Court's work on the summary judgment aspect of Plaintiff's motion could stop here – with not a scintilla of evidence to support the motion and no

defendant against whom these remedies plausibly might run, Plaintiff's summary judgment motion should be denied.

Nevertheless, I pause to examine the potential viability of Plaintiff's unsupported allegations of inadequate medical treatment. For example, he complains bitterly about not getting the COVID-19 vaccine until early October 2021. However, earlier in 2021, Plaintiff himself stridently averred that he was persistently refusing the vaccine because he was dissatisfied with the depth of the information he was given during more than one opportunity to discuss the decision with a physician. Silva, 2021 WL 2895716, at *1 (as of June 2021, Plaintiff offered vaccine multiple times, but consistently declined); Silva, 2021 WL 1326885, at *2 (Plaintiff conferred with physician in February and again in March 2021 but refused proffered vaccine). In light of these facts already of record in this case, Plaintiff's complaint about the COVID-19 vaccine borders on frivolous. Similarly, Plaintiff's claims that RIDOC got him new glasses but they lacked the correct lens and that there was a three-week delay in treatment for the cyst on his back simply do not approach what is necessary to establish a deprivation of medical treatment that is of constitutional dimensions. See Silva, 2021 WL 1326885, at *4-5 (discussing standard for constitutionally sufficient medical treatment for pretrial detainee). Thus, even if supported by evidence establishing these allegations to be undisputed and asserted as claims in a case naming a defendant who is potentially liable, these claims are insufficient as a matter of law.

Also bordering on frivolous is Plaintiff's request for a mandatory injunction ordering that he be transferred to Devens. The Court has previously denied the precise same request. See Silva, 2021 WL 1085408, at *4-6 (federal "court[s] lack[] the authority to transfer [a] state pretrial detainee into federal custody to receive medical treatment") (cleaned up). The request

makes less sense now in that the only remaining defendant in this case, Dr. Clarke, has no authority to transfer Plaintiff. Nor does Dr. Clarke have the authority to create "Court Ordered external authoritative oversight of the Medical Operations at the RIDOC by a non-governmental agency or entity." ECF No. 91 at 7. Those aspects of the motion should also be denied.

Finally, Plaintiff's motion asks for a change of the venue of this case, "preferably Vermont, so that an impartial Court can review the circumstances of this Case." ECF No. 91 at 8. This is not the first time Plaintiff has tried to get before a different judge due to his dissatisfaction with the decisions of the one to whom this case is assigned. As the Court held in response to Plaintiff's prior effort – seeking to compel the presiding judge to recuse himself because Plaintiff had sued him – "[d]issatisfaction with a judicial decision is not a basis for recusal." Silva v. Rhode Island, C.A. No. 19-568-JJM-PAS, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021) (motion to recuse denied). Further, Plaintiff's basis for seeking a venue transfer does not meet any of the prerequisites in the venue statute, 28 U.S.C. § 1404(a), which provides for venue transfer in limited circumstances: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In this instance, all parties live and/or work in Rhode Island, all witnesses and evidence are located in Rhode Island, all events happened in Rhode Island and Dr. Clarke has not consented to a venue transfer. Therefore, Plaintiff's request for a change in venue to Vermont is utterly without merit and should be denied.

## Conclusion

For the foregoing reasons, I recommend that Plaintiff's motion (ECF No. 91) for summary judgment, mandatory injunction and change of venue be DENIED. Any objection to

this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 22, 2021